IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIA MANGA,

    *Plaintiff*,

v.

EDWARD KNOX, JR.

*and*

LINDA E. MCMAHON, Administrator,
U.S. Small Business Administration

    *Defendants*.

Civil Action No. ELH-17-1207

## MEMORANDUM

On December 7, 2016, self-represented plaintiff Maria Manga filed a complaint in the United States District Court for the District of Columbia against Edward Knox, Jr. (originally sued as Knox Edward, Jr.), Deputy District Director of the U.S. Small Business Administration ("SBA") in Baltimore. ECF 1. She filed a nine-page amended complaint on January 4, 2017. ECF 5. Plaintiff alleges that she was subject to discrimination, harassment, and retaliation by Knox, based on her national origin, ancestry, and skin color. *Id.* at 1. On April 5, 2017, Judge Boasberg issued a "Transfer Order," transferring the case to the District of Maryland. ECF 7. Summons was executed upon Linda E. McMahon, Administrator of the SBA, on June 9, 2017. ECF 17.

Several motions are pending: plaintiff's Motion to Amend Caption (ECF 12), filed on May 24, 2017; plaintiff's "Request for Clerk's Entry of Default" (ECF 22), filed on August 21, 2017; McMahon's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) (ECF 23), filed on September 1, 2017; plaintiff's "Request for Clerk's Entry of Default for Judgement" (ECF 25) (construed as an Amended Motion for Clerk's Entry of Default), filed on September 5, 2017; and

plaintiff's "Motion to Dismiss Defendant's Motion for Summary Judgement [and] Motion to Proceed with the Default Judgment" (ECF 27), filed on September 20, 2017.

The dispositive motions are not the subject of this Memorandum. No hearing is necessary to resolve the remaining motions. Local Rule 105.6. For the reasons that follow, I shall grant plaintiff's Motion to Amend Caption (ECF 12). But, I shall deny plaintiff's Motion for Clerk's Entry of Default (ECF 22) and her Amended Motion for Clerk's Entry of Default (ECF 25).

## I. Motion to Amend Caption

In her Motion to Amend Caption, plaintiff requests leave to "amend the caption of her complaint to reflect the name of Agency as the appropriate defendant." ECF 12 at 1. By "Agency," she seems to refer to Linda McMahon, Administrator of the SBA. Although it appears that plaintiff seeks to add McMahon, there is no indication that she seeks to substitute McMahon for Knox. In any event, the Motion to Amend Caption is unopposed. Because the amendment is appropriate under 42 U.S.C. § 2000e-16(c), I shall grant the Motion to Amend Caption, adding McMahon as a defendant in her official capacity.[1]

## II. Motion for Clerk's Entry of Default

Plaintiff filed a "Request for Clerk's Entry of Default" on August 21, 2017 (ECF 22), and submitted a "Request for Clerk's Entry of Default for Judgement" on September 5, 2017. ECF 25. The submission of the amended motion (ECF 25) renders moot the original motion (ECF 22). Therefore, I shall deny ECF 22 as moot.

---

[1] Plaintiff periodically refers to other persons as defendants. For example, in ECF 25, plaintiff seems to include "Jeff Sessions" as a defendant. *Id.* at 1. But, on page 7 of ECF 25, she omits reference to the Attorney General as a defendant and instead seeks judgment, *inter alia*, against Stephen Umberger, Director, SBA Baltimore District Office. This is not the proper way to add defendants to the case. The Court will not regard either Sessions or Umberger as defendants.

Fed. R. Civ. P. 55 lays out the proper procedure for seeking an entry of default and a default judgment. If a defendant has not responded to the complaint within the prescribed time, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). Thereafter, the plaintiff may move for a default judgment, but "'[a] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.'" *Worsham v. Travel Options, Inc.*, 678 F. App'x 165 (4th Cir. 2017) (citations omitted).

The procedural failings of plaintiff's motion aside, entry of default is inappropriate at this juncture. First, defendants did not default. As McMahon stated in her Opposition to Plaintiff's Amended Motion for Default Judgment (ECF 26), McMahon was served on June 9, 2017 (ECF 17), the U.S. Attorney General was served June 12, 2017 (ECF 18), and the U.S. Attorney's Office was not properly served but acknowledges receipt of the complaint on July 3, 2017. ECF 26 at 3. Notably, Fed. R. Civ. P. 12(a)(2) provides that a United States agency has 60 days to answer a complaint after service upon the U.S. Attorney. Therefore, defendant's response was not due until September 1, 2017.

On September 1, 2017, McMahon timely responded to the amended complaint with a Motion to Dismiss. ECF 23. Thus, McMahon never defaulted. Although Knox did not join the Motion, based on the filing by plaintiff of ECF 12, Knox may have thought plaintiff thought to substitute McMahon as the defendant. Knox will be directed to respond.

Moreover, Fed. R. Civ. P. 55(d) states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." It is clear that this standard has not yet been met. Furthermore, the Fourth Circuit has consistently expressed a "strong preference that cases be

decided on their merits." *Aikens v. Ingram*, 652 F.3d 496, 523 (4th Cir. 2011). *See also, e.g.*, *U.S. v. Mraz*, 274 F. Supp. 2d 750, 756 (D. Md. 2003).

For these reasons, I shall deny the Amended Motion for Clerk's Entry of Default (ECF 25).

An Order follows, consistent with this Memorandum.

Date:   September 26, 2017                                    _____/s/_____
                                                                            Ellen Lipton Hollander
                                                                            United States District Judge